# OPINIONS OF THE JUSTICES

## QUESTIONS AND ANSWERS

QUESTIONS SUBMITTED BY THE HOUSE OF REPRESENTATIVES
OF MAINE TO THE JUSTICES OF THE SUPREME JUDICIAL
COURT OF MAINE, MARCH 24, 1943, WITH THE
ANSWERS OF THE JUSTICES THEREON.

STATE OF MAINE
The House

Whereas, there has been introduced in the House of Representatives of the 91st legislature a bill appertaining to the issuance of certain state bonds which, if constitutional, would materially alleviate the financial problems of the state, and

Whereas, said bill has been reported "ought to pass" by the committee to which it was referred and has been passed to be engrossed by both branches of said legislature and is now in order to be enacted, and

Whereas, there are now outstanding bonds of the state which mature or are subject to redemption before June 30, 1947, including $1,000,000 at 4% Kennebec Bridge bonds which are callable on June 1, 1947, and

Whereas, it is now possible to sell the state's bonds at a rate of less than 2%, and

Whereas, it is possible to reinvest the proceeds of the sale of state bonds in federal government securities so that the state will be able to retire such outstanding bonds, including the Kennebec Bridge bonds, in 1947 from the sale of the said federal government securities without any loss of interest, and thus replace the 4% bonds with 2% bonds, and

Whereas, it is vital to the state during this war period to conserve all of its resources, and the House of Representatives

find, as a fact, that this is a solemn occasion, now, therefor be it

ORDERED, That in accordance with the provisions of the constitution of the state, the justices of the supreme judicial court are hereby respectfully requested to give this House their opinion of the following question: "Would H. P. 1069, L. D. 558, 'An Act to Provide for the issuance of the Refunding Bonds of the State' if enacted by the Legislature in its present form be constitutional?"

House of Representatives

March 24, 1943

Received Passage

HARVEY R. PEASE,

Clerk.

STATE OF MAINE

In The Year Of Our Lord Nineteen Hundred
Forty-Three

H. P. 1069 — L. D. 558

An Act to Provide for the Issuance of Refunding Bonds
of the State.

Emergency preamble. Whereas, the present world-wide state of war existing between the United State and the Axis Powers has brought about (a) a complete and unprecedented dislocation in the normal economic life of the United States, (b) a cessation of the importation of crude rubber into the United States, and (c) the establishment, by executive order of the President of the United States, of the War Production Board and the various administrative agencies therein which, in the performance of their duties with regard to defense and civilian supply, priorities and allocations have seriously curtailed the sale of new rubber tires, casings and tubes and have ordered the rationing of the available supply of gasoline for public consumption; and

Whereas, the foregoing facts have resulted in serious reductions, and are expected to result in further reductions, in the

revenues received by the state from the gasoline tax, from the motor vehicle registration and drivers' licenses, and from other sources; and

Whereas, it may become necessary, in order to protect the credit of the state, to make provision for refunding immediately some of the outstanding bonds of the state, and the protection of the credit of the state is essential to the public peace, health and safety; and

Whereas, in the judgment of the legislature, the present excellent market for state and municipal bonds will permit the refunding of outstanding bonds of the state at lower interest rates, but such market may be seriously affected at any time by developments in the present World War; and

Whereas, in the judgment of the legislature, these facts create an emergency within the meaning of section 16 of Article XXXI of the constitution and require the following legislation as immediately necessary for the preservation of the public peace, health and safety; now, therefore, Be it enacted by the People of the State of Maine, as follows:

Issuance of refunding bonds. For the purpose of refunding like principal amounts of bonds of the state which are now outstanding and which mature or are subject to redemption before June 30, 1947, the treasurer is hereby authorized, with the approval of the governor and council, to issue from time to time refunding bonds of the state, such refunding bonds of each issue to bear interest at a rate or rates less than the rate now borne by the bonds to be refunded, to mature at such time or times, to be in such form, to be sold in such manner and at such price, not less than par and accrued interest, and to be executed in such manner, as may be determined by the treasurer with the approval of the governor and council; provided, however, that no such issue of refunding bonds shall be delivered more than 1 year prior to the maturity or the date of redemption of the bonds to be refunded unless (a) the proceeds of such refunding bonds shall be invested by the treasurer in securities which constitute direct obligations of, or

obligations the principal and interest of which are unconditionally guaranteed by, the United States Government and which have a maturity prior to the maturity date or the redemption date of the bonds to be refunded and (b) the premium paid to the state for such refunding bonds shall be in excess of (i) the additional interest which the state will be required to pay during the period both the bonds to be refunded and the new refunding bonds will be outstanding and (ii) the premium which will be required to purchase such government securities. The treasurer shall hold such investment in a separate fund for the bonds to be refunded and shall use the proceeds of such investment in paying, either at the maturity date or dates or the redemption date, the bonds to be refunded. The holders of the refunding bonds of each such issue shall be subrogated to all the rights, powers and privileges of the holders of the bonds refunded thereby.

Emergency clause. In view of the emergency set forth in the preamble, this act shall take effect when approved.

To the Honorable House of Representatives of Maine:

The undersigned Justices of the Supreme Judicial Court have the honor to submit the following answer to the question propounded to us bearing date of March 24, 1943, relating to the issuance of refunding bonds of the State.

Question.

Would H. P. 1069, L. D. 558, "An Act to Provide for the issuance of the Refunding Bonds of the State" if enacted by the Legislature in its present form be constitutional?"

Answer.

Unless otherwise expressly prohibited, the Legislature has the power to authorize the refunding of valid outstanding obligations of the State but the issuance of bonds for that purpose an unreasonable length of time before the maturity of the indebtedness for the avowed and inseparable purpose of establishing an interim investment fund for gain and profit as

is authorized by H. P. 1069, L. D. 558, pending in the 91st Legislature of Maine, will create a new debt or liability on behalf of the State in violation of the Provisions of Section 14 of Article IX of the Constitution of Maine as amended. We answer this question in the negative.

Very respectfully,

GUY H. STURGIS
SIDNEY ST. F. THAXTER
JAMES H. HUDSON
HARRY MANSER
HAROLD H. MURCHIE
ARTHUR CHAPMAN

Dated March 30, 1943.

---

## QUESTIONS SUBMITTED BY THE HOUSE OF REPRESENTATIVES OF MAINE TO THE JUSTICES OF THE SUPREME JUDICIAL COURT OF MAINE, MARCH 26, 1943, WITH THE ANSWERS OF THE JUSTICES THEREON.

### STATE OF MAINE

Whereas, a bill has been introduced into the House and it is important that the Legislature be informed as to the constitutionality of the proposed bill; and

Whereas, it appears to the House of Representatives of the Ninety-first Legislature that it presents important questions of law and that the occasion is a solemn one; now, therefore, be it

ORDERED: That in accordance with the provisions of the Constitution of the state, the Justices of the Supreme Judicial Court are hereby respectfully requested to give this Legislature their opinion of the following question:

Has the Legislature the right and authority under the Constitution to enact a law according to the terms of the following bill?

## H. P. 1301, L. D. 830

## An Act Relating to Alternative Method of Enforcement of Tax Liens.

Sec. 1, P. L., 1933, C. 244, § 1, amended. Section 1 of chapter 244 of the public laws of 1933, as amended, is hereby further amended to read as follows:

"Sec. 1.   Alternative method for the enforcement of liens for taxes on real estate. Liens on real estate created by section 3 of chapter 13 of the revised statutes, in addition to other methods previously established by law may be enforced in the following manner, provided, however, that in the inventory and valuation upon which the assessment is made there shall be a description of the real estate sufficiently accurate to identify it. Any officer to whom a tax has been committed for collection, or his successor in office in case of his death or disability, may, after the expiration of 8 months and within 1 year after the date of commitment to him of said tax, give to the person against whom said tax is assessed, or leave at his last and usual place of abode, or send by registered mail, to his last known place of abode, a notice in writing signed by said officer stating the amount of such tax, describing the real estate on which the tax is assessed, alleging that a lien is claimed on said real estate to secure the payment of the tax and demanding the payment of said tax within 10 days after service or mailing of such notice. If an owner or occupant of real estate to whom said real estate is taxed shall die before such demand is made on him, such demand may be made upon the executor or administrator of his estate or upon any of his heirs or devisees. After the expiration of said 10 days and within 10 days thereafter, said officer shall record in the registry of deeds of the county or registry district where said real estate is situated, a certificate signed by said officer setting forth the amount of such tax, the name of the person against whom said tax was assessed, a description of the real estate on which the tax is assessed and an allegation that a lien is claimed on said real

estate to secure the payment of said tax, that a demand for payment of said tax has been made in accordance with the provisions of this act and that said tax remains unpaid. When the undivided real estate of a deceased person has been assessed to his heirs or devisees without designating any of them by name it will be sufficient to record in said registry said certificate in the name of the heirs or the devisees of said decedent without designating them by name. At the time of the recording of the certificate in the registry of deeds as herein provided, in all cases such officer shall file with the town treasurer a true copy of said certificate and also at the time of recording as aforesaid, the said officer shall mail by registered letter to each record holder of a mortgage on said real estate, addressed to him at his place of last and usual abode, a true copy of said certificate. If the real estate has not been assessed to its record owner the officer shall send be registered mail a true copy of said certificate to the record owner. The fee to be charged to the taxpayer for said notice and filing shall not exceed $1 and the fee to be charged by the register of deeds for such filing shall not exceed 50¢."

Sec. 2. P. L., 1933, c. 244, additional. Chapter 244 of the public laws of 1933, as amended, is hereby further amended by adding thereto a new section to be numbered section 6, and to read as follows:

"Sec. 6. Bill in equity to set aside tax or tax lien claimed invalid. At any time prior to the expiration of 18 months after the recording of the tax lien provided for in the foregoing sections, any person who has a legal or equitable interest in the real estate covered by such lien, and who claims that the provision of law relating to the assessment of the tax or the perfection of the tax lien have not been complied with, may bring a bill in equity to set aside the tax lien as invalid. The court may stay the foreclosure of such tax lien pending final decision, and shall, after notice and hearing, either affirm the validity of such tax and tax lien, or set aside the tax or the tax lien or both as invalid and void."

Sec. 3. P. L., 1933, c. 244, additional. Chapter 244 of the public laws of 1933, as amended, is hereby further amended by adding thereto a new section to be numbered section 7, and to read as follows:

"Sec. 7. Limitation on action to set aside tax or tax lien provided; exception. At the expiration of said 18 months after the recording of the tax lien, if such tax has not previously been paid or the tax lien redeemed, the town shall be conclusively presumed to have acquired an absolute title to the real estate described in such tax lien, and all claims adverse thereto and not seasonably prosecuted under the provisions of section 6 shall be forever barred, provided however that this presumption and limitation upon action shall not apply where the tax lien is claimed to be invalid because the description in the recorded tax lien was insufficient to reasonably identify the property, or because the tax was not assessed against the person or persons legally assessable therefor, or because of failure to send the notices required by section 1 hereof."

Sec. 4. P. L., 1933, c. 244, additional. Chapter 244 of the public laws of 1933, as amended, is hereby further amended by adding thereto a new section to be numbered section 8, and to read as follows:

"Sec. 8. Remedy when property conveyed after tax paid or redeemed. In event any person entitled so to do pays the taxes assessed upon property or redeems the same at any time before expiration of the redemption period, and thereafter the town conveys the same to a third party under claim of title obtained by foreclosure of a tax lien, the purchaser thereof acquires no title thereto but may recover of the town his actual damages in an action on the case."

House of Representatives
March 26, 1943
Passed

HARVEY R. PEASE,
Clerk.

To The Honorable House of Representatives of Maine:

The undersigned Justices of the Supreme Judicial Court have the honor to submit the following answer to the question propounded to us bearing date of March 26, 1943, relating to Amendments and Additions to Public Laws 1933, Chapter 244, providing an Alternative Method of Enforcement of Tax Liens.

Question.

Has the Legislature the right and authority under the Constitution to enact a law according to the terms of the following bill?

### H. P. 1301, L. D. 830

### An Act Relating to Alternative Method of Enforcement of Tax Liens.

Answer.

The Amendment of Chapter 244 of Public Laws of 1933 by the addition of Section 6 and Section 7 as proposed in H. P. 1301, L. D. 830, pending in the 91st Legislature of Maine, would provide a method by which a person might be deprived of his property without due process of law. We, therefore, answer this question in the negative.

Very respectfully,

Guy H. Sturgis
Sidney St. F. Thaxter
James H. Hudson
Harry Manser
Harold H. Murchie
Arthur Chapman

Dated March 30, 1943.